(Reap. Dec. 10327)

WALKER INTERNATIONAL ET AL. *v.* UNITED STATES

Entry No. 16537, etc.

(Decided September 4, 1962)

*John C. Ray* for the plaintiffs.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the appeals for reappraisement set forth in Schedule A hereto attached and made a part hereof

are limited to the merchandise shipped by the following companies located in Japan:

Aichi Seiki K. K.
Fukishima Racket Seisakusho
Imura Seisakusho
Inamura Seisakusho
Inoue Fish Hook Mfg. Co.
Kanie Seimosho
Kikuchi Seisakusho
Kojima Seisakusho
K. K. Kokisha
Kokusai Shoko, K. K.
Kotobuki
K. K. Kuramae Vinyl Shokai
Maruta Sports
Misuzu Seisakusho
Mitsuya Gyogu
Mizuho Shoji K. K.
Nippon Riken Gomu Company
Sakamoto Gyogu
T. O. Sports Kogyo K. K.
Teio Sports Kogyo K. K.
Terada Gakki Seisakusho
Tokyo Jishaku
Towa
Tokyo Shoji
Umeda Leather (Shoji)

That the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States were the ex factory unit values, net packed. That as to other merchandise covered by the entries and shipped from Japan by other companies not listed herein, the market value or the price on the dates of exportation thereof to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the appraised values.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign values for the merchandise such as or similar to the merchandise covered by the Appeals for Reappraisement enumerated in the attached schedule of cases on the dates of exportation thereof to the United States.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached schedule of cases may be submitted on the foregoing stipulation, and the record thus made.

On the agreed facts, I find that the proper basis for appraisement of the merchandise covered by these appeals for reappraisement is export value, as defined in section 402 (d) of the Tariff Act of 1930, and hold that such statutory value for the merchandise shipped by the companies enumerated in the stipulation of submission, as hereinabove set forth is the ex-factory unit values, net, packed, and that such statutory value for the merchandise, included on the invoices covered by the entries involved herein and shipped by companies in Japan other than those listed in the said stipulation, is the appraised values.

Judgment will be rendered accordingly.